# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| GURDIP LAMBA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| vs. | ) | No. _____ |
| | ) | |
| | ) | |
| | ) | |
| OM SAT SRI AKAL LLC, and | ) | JURY DEMAND |
| JAYESH K. PATEL, individually | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Gurdip Lamba, by and through counsel, files this Complaint against Defendant Om Sat Sri Akal LLC d/b/a Shop N Go Deli Food Mart ("Shop N Go") and its owner Jayesh Patel ("Defendant Patel") (collectively referred to as "Defendants"), for violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*.

## INTRODUCTION

1.      Defendant Shop N Go is a convenience store located in Ellaville, Georgia. Shop N Go is owned by Defendant Jayesh Patel. Defendants jointly employed Mr. Lamba to work in its convenience store and paid him a flat rate of $875 per week, regardless of how many hours he worked. Even though Plaintiff

was told he would only be working forty hours per week, he was actually required to work seven days per week, and twelve hours per day. He regularly worked overtime but he was never paid for all the hours he worked.

2.      Mr. Lamba brings this action under the Fair Labor Standards Act ("FLSA") to recover unpaid overtime wages owed to him, liquidated damages for Defendants' willful violation of the FLSA, pre-judgment and post-judgment interest, attorneys' fees, and expenses.

## PARTIES

3.      Plaintiff Gurdip Lamba is a resident of Georgia.

4.      Mr. Lamba has consented in writing to be a plaintiff in this action and executed a Consent to Join form, attached as Exhibit A.

5.      Defendant Shop N Go is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 688 Spivey Street, Ellaville, Georgia 31806. Its registered agent for service of process is Jayesh K Patel, 175 Tambac Trace, Lilburn, GA, 30047.

6.      At all relevant times, Defendant Jayesh Patel was the owner or co-owner of Shop N Go, and was the primary decision maker for the convenience store.

7.      At all relevant times, Defendants were Plaintiff's employer as defined by the FLSA, 29 U.S.C. 203(d).

8.      As the owner of Shop N Go, Defendant Patel is responsible for the overall management of the store, including the payroll system, benefits, and general administration. Defendant Patel is the registered agent for Shop N Go.

9.      At all relevant times, Mr. Patel was individually liable as an employer under the FLSA, 29 U.S.C. 203(d), and employed Plaintiff, because he exercised the authority to hire and fire employees, determined the manner in which employees were compensated, set the rates of pay of employees, and/or controlled the finances and day-to-day management operations of Shop N Go.

10.     Mr. Patel is a resident of Georgia. He can be served at 175 Tambec Trace, Lilburn GA 30047.

## JURISDICTION AND VENUE

11.     This court has subject matter jurisdiction under 28 U.S.C. § 1331. This case involves a question of federal law pursuant to the FLSA. Damages are proper pursuant to 29 U.S.C. §§ 206, 207, and 216.

12.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

13.     Defendant regularly does, transacts, or solicits business; engages in a persistent course of conduct; and derives substantial revenue from goods used or consumed or services rendered in Georgia and this district.

## FACTUAL BASIS OF PLAINTIFF'S CLAIM

14.     Plaintiff began his employment with Defendants in July 2020.

15.     At all times relevant during his employment, Plaintiff was a non-exempt employee of Defendants.

16.     Plaintiff worked for Defendants through August 2022.

17.     At all relevant times, Plaintiff was an "employee" of Defendants. 29 U.S.C. § 203(e)(1).

18.     At all relevant times, Defendant Patel, as an owner and/or primary decision maker for Shop N Go, made the decision of what to pay Plaintiff and to withhold overtime compensation from him in violation of the FLSA.

19.     At all relevant times, Mr. Patel exercised sufficient control over Mr. Lamba to cause him to be individually liable for the FLSA violations.

20.     Plaintiff's job duties included, but were not limited to, the following non-exempt tasks during the three year statute of limitations period: operating the cash register; opening and closing the store, restocking coolers and merchandise on a daily basis; working at the deli counter and cooking food for customers; ordering groceries for the store; operating the lottery machine, running errands for the store, greeting customers; cleaning the store; taking out trash; conducting inventory and stocking of goods; and paying orders for vendor companies.

21.     Plaintiff was individually engaged in interstate commerce working for Defendants within the meaning of the FLSA.

22.     Defendants have more than one employee and have sales made or business done of not less than $500,000 during all relevant time periods.

23.     Plaintiff routinely worked in excess of forty (40) hours per workweek.

24.     Defendants were aware of the hours that Plaintiff worked.

25.     In performing his job duties for Defendants, Plaintiff did not perform executive functions or have any duties with regard to managing any aspect of Defendants' operations.

26.     In performing his job duties for Defendants, Plaintiff did not direct or supervise the work of any employees.

27.     In performing his job duties for Defendants, Plaintiff did not have the authority to hire or fire any employee or make suggestions or recommendations as to the hiring, firing, or changing the status of any employee.

28.     In performing his job duties for Defendants, Plaintiff did not exercise discretion or independent judgment with regard to matters of significance.

29.     Plaintiff's job duties did not include primary work that requires knowledge of any advanced type in a field customarily acquired by prolonged, specialized, intellectual instruction or study.

30.     At all times throughout the relevant period, Plaintiff was paid a flat hourly rate for all hours worked, including but not limited to all hours worked in excess of forty (40) hours per workweek.

31.     Plaintiff was not paid overtime at a rate of one and one-half times his hourly wage for hours worked in excess of forty (40) hours during the workweek.

32.     Defendants willfully refused to pay Plaintiff properly for overtime compensation as required by federal law.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATION – OVERTIME

33.     Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

34.     Defendants were Plaintiff's employer and/or joint employer within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

35.     Plaintiff regularly worked more than forty (40) hours per workweek.

36.     Defendants had a uniform policy and practice of willfully refusing to pay Plaintiff appropriate overtime compensation for all hours worked more than forty (40) hours per workweek.

37.     As a result of Defendants' willful failure to pay Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess

of forty (40) hours per workweek, Defendants violated the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

38.    Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

39.    Due to Defendants' FLSA violations, Plaintiff was damaged and is entitled to recover compensation for unpaid overtime wages from Defendants; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendants:

A.    An award of unpaid compensation for overtime wages to Plaintiff;

B.    An award of all liquidated damages for unpaid overtime wages to Plaintiff;

C.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D.    Such other and further relief as this Court deems just and proper.

Respectfully submitted this November 8, 2022.

**HALL & LAMPROS LLP**

By:  */s/ Rachel Berlin Benjamin*
Rachel Berlin Benjamin
Georgia Bar No. 707419
rachel@hallandlampros.com
300 Galleria Parkway
Suite 300
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile

*Attorney for Plaintiff*